# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SHANEEKA L. STILL,**

      **Plaintiff,**

**v.**                                                             **Case No:   6:14-cv-220-Orl-41KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S UNCONTESTED PETITION FOR ATTORNEY'S FEES (Doc. No. 24)**
>
> **FILED:**      **February 17, 2015**

Plaintiff Shaneeka L. Still seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. A final judgment reversing the decision below was entered on January 26, 2015. Doc. No. 23. Counsel for Plaintiff represents that the Commissioner does not object to the relief requested. Doc. No. 24 at 3. Thus, the motion is now ripe for consideration.

Richard A. Culbertson, Esq., Plaintiff's counsel of record, seeks an award of fees for 2.4 hours of his work and 17.4 hours of work performed by Sarah Fay, Esq. *Id.* at 2, 8. Attorney Culbertson submitted a schedule of the hours showing that he worked 1.1 hours in 2014 and 1.3

hours in 2015.  *Id.* at 11.   Similarly, he submitted a schedule of the hours worked by Attorney Fay showing that she worked 15.0 hours in 2014 and 2.4 hours in 2015.  *Id.* at 12.

The EAJA sets a ceiling of $125.00[1] on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index ("CPI").  28 U.S.C. § 2412(d)(2)(A).  Attorneys Culbertson and Fay request $190.06 per hour for the work that they performed in 2014 and 2015.  Doc. No. 24 at 2, 8.  Attorney Culbertson provides an analysis of the cost-of-living adjustment using the CPI for 2014.  *See id.* at 8-10.  Independent calculations show that the average adjusted hourly rate for 2014 for the EAJA is $190.06.[2]  Because there is not yet any data available from the United States Department of Labor regarding the CPI for 2015, it is appropriate to use the annual adjusted hourly rate for 2014 for work performed in 2015.  Accordingly, based on the cost-of-living adjustment, the requested rate of $190.06 per hour for work performed in 2014 and 2015 does not exceed the EAJA cap of $125.00 per hour adjusted for inflation.

The EAJA states that the amount of attorney's fees and costs shall be based on prevailing market rates, "except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  At least one judge of this Court has expressed concern that the

---

[1] Congress amended the EAJA and changed the statutory rate to $125.00 for all civil actions filed on or after March 29, 1996.  28 U.S.C. § 2412(d)(2)(A)(ii) (as amended by Pub. L. 104-121, § 232(b)(1)).

[2] The figure is calculated by taking the "Annual" CPI rate for 2014 and subtracting from it the March 1996 rate (236.736 – 155.7 = 81.036) and then dividing that number by the March 1996 rate (81.036 ÷ 155.7 = 0.5205).  These calculations result in the cost-of-living percentage increase from March 1996 through 2014.  The cost-of-living percentage increase is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA ((0.5205 × 125) + 125 = 190.06).  *See* Department of Labor, Bureau of Labor Statistics, *available at* http://data.bls.gov/cgi-bin/surveymost?bls (check box next to "CPI for All Urban Consumers (CPI-U) 1982-84=100" and click on "Retrieve data" button) (last visited Feb. 18, 2015).

maximum rates authorized by applying a cost-of-living adjustment exceed the reasonable hourly rate for work of this type. *See Coffman v. Astrue*, No. 8:07-cv-1416-T-TGW, 2008 WL 5137956 (M.D. Fla. Dec. 5, 2008). Nevertheless, because the Commissioner does not object to the hourly rates sought, and it is within the rates permitted by the EAJA, I recommend that the Court find that the rates of $190.06 per hour for work performed in 2014 and 2015 is reasonable in the absence of objection.

I also recommend that the Court find that the total number of attorney hours worked is reasonable in the absence of objection.

Finally, I note that Plaintiff filed a retainer agreement that includes an assignment of any fees awarded under the EAJA to Attorney Culbertson. Doc. No. 24-1. In the motion, Attorney Culbertson represents that the Commissioner agreed that she will accept the assignment of EAJA fees if it is determined that Plaintiff does not owe a federal debt. Doc. No. 24 at 2-3. Because the Commissioner has taken inconsistent positions regarding whether she will honor such an assignment, I recommend that the Court not require that the EAJA fees be paid directly to Plaintiff's counsel but permit the Commissioner to do so in her discretion.

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **GRANT in part** Plaintiff's Uncontested Petition for Attorney's Fees (Doc. No. 24) and **DIRECT** the Commissioner of Social Security to pay Plaintiff Shaneeka L. Still attorney's fees in the total amount of $3,763.18.[3]

Failure to file written objections to the proposed findings and recommendations contained

---

[3] The fees are calculated as follows: $190.06 per hour × 19.8 hours of work in 2014 and 2015 by Attorneys Culbertson and Fay = $3,763.19. Plaintiff seeks only $3,763.18, however, so that is the figure I recommend that the Court award.

in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 19, 2015.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy